# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RICHARD REMIARD EVENT DESIGN LLC, | ) | No. 17-10797 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | **Hearing Date:  September 18, 2018** |
| | ) | **Hearing Time:  10:30 a.m.** |
| | ) | **Room No.:       744** |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF RICHARD REMIARD EVENT DESIGN LLC FOR <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Richard Remiard Event Design LLC |
| Period for Which Compensation is Sought: | April 5, 2017 through July 27, 2018 |
| Amount of Fees Sought: | $22,365.00 |
| Amount of Expense Reimbursement Sought: | $214.65 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

{REMIARD/001/00052871.DOCX/2}

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RICHARD REMIARD EVENT DESIGN LLC, | ) | No. 17-10797 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | **Hearing Date: September 18, 2018** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | **Room No.:      744** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **September 18, 2018**, at **10:30 a.m.**, we shall appear before the Honorable Timothy A. Barnes, or such other judge as may be sitting in his stead, in Courtroom 744 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached First and Final Fee Application Of FrankGecker LLP As Counsel To Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Richard Remiard Event Design LLC For Compensation And Reimbursement Of Expenses.

Dated: August 13, 2018

                                      Respectfully submitted,

                                      FRANCES GECKER, solely as Chapter 7 trustee of
                                      Richard Remiard Event Design LLC

                                      By:    /s/ *Micah R. Krohn*
                                               One of her attorneys

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)
mkrohn@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RICHARD REMIARD EVENT DESIGN LLC, | ) | No. 17-10797 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF RICHARD REMIARD EVENT DESIGN LLC FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of RICHARD REMIARD EVENT DESIGN LLC (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses, pursuant to 11 U.S.C. §§ 330 and 506(c), for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing April 5, 2017 through and including July 27, 2018, (the "Application Period"). In support hereof, FG respectfully represents as follows:

**INTRODUCTION**

1.     On April 5, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.  On May 24, 2017, the Court entered an order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to April 5, 2017 [Dkt. No. 13].

2.     Prior to the Petition Date, the Debtor operated as an event designer specializing in weddings in the Greater Chicago area.  In its Bankruptcy Schedule B, the Debtor listed certain office equipment with an estimated liquidation value of $15,400 (the "Office Equipment") and inventory with an estimated liquidation value of $110,000 (the "Inventory" and together with the

Office Equipment, the "Assets") that the Debtor used on connection with the operation of its business.

3.  JPMorgan Chase Bank, ("Chase") asserted a perfected security interest in the Assets. According to the Debtor's Bankruptcy Schedule D, the Debtor's outstanding indebtedness owed to Chase of the Petition Date was approximately $62,785.58.

4.  After a review of the assets by Thomas K. Mowery of American Auction, Inc. ("American Auction"), the Trustee believed that an auction sale of the Assets would generate sufficient proceeds to pay the outstanding balance of the Debtor's indebtedness to Chase and generate additional funds for the administration of the bankruptcy estate.

5.  On May 17, 2017, the Court entered an order authorizing the Trustee to employ American Auction as the Trustee's auctioneer and authorized American Auction to sell the Debtor's equipment and inventory (the "Assets") at auction (the "Sale Order") [Dkt. No. 11].

6.  Pursuant to the Sale Order, American Auction sold substantially all of the Assets on or about May 25, 2017, June 23, 2017, July 14, 2017, July 25, 2017 and December 20, 2017, generating gross sale proceeds of approximately $80,000, and incurring expenses in connection therewith of approximately $21,892. After payment of American Auction's Expenses, the sale generated $58,704.24 for the estate.

7.  American Auction was unable to sell a number of small items of Inventory, of nominal value, which the Trustee abandoned pursuant to 11 U.S.C. § 554(a).

I.  **SERVICES PERFORMED**

    A.  **Administration**                                                                                  **$3,110.00**

Counsel spent 6.90 hours at a cost of $3,110.00 on issues relating to Administration. This category includes all general case administration matters with respect to liquidating the Debtor's

assets, communications with creditors and interested parties about the bankruptcy proceeding and review of the estate's tax obligations.

  **B.**  **Asset Analysis**    **$9,347.50**

Counsel spent 29.80 hours at a cost of $9,347.50 in connection with the review and analysis of the Debtor's bank accounts and other books and records evidencing expenses incurred and payments made during the one-year period prior to the Petition Date.

  **C.**  **Court Appearances/Preparation**    **$2,080.00**

Counsel spent 4.90 hours at a cost of $2,080.00 preparing for and attending court hearings on the motions to employ counsel, auctioneer and Trustee's accountant and for preparing and attending the court hearing on Trustee's final report.

  **D.**  **Retention of Professionals/Fee Applications**    **$877.50**

Counsel spent 4.40 hours at a cost of $877.50 preparing and filing motions to employ FG as the Trustee's counsel, American Auction as auctioneer and Alan D. Lasko and Associates as the Trustee's accountant. Time in this category also includes time spent preparing this first and final application for compensation and reimbursement.

  **E.**  **Sale of Assets**    **$6,950.00**

Counsel spent 15.90 hours at a cost of $6,950.00 in connection with the of the Debtor's assets. FG communicated and coordinated with Trustee's Auctioneer in regards to the public sale of the Debtor's inventory, adequate insurance coverage and the Auctioneer's expenses.

**II.**  **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

  A.  <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B.      <u>James Nowak</u> (JN) Mr. Nowak is a graduate of The John Marshall Law School.

C.      <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

D.      <u>Christina S. Smith</u> (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

## III. CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from April 5, 2017 to and including July 27, 2018. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

9.      As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 61.90 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $22,365.00 for actual, necessary legal services performed, as itemized in Exhibit A. The average hourly rate is $234.00. Additionally, counsel has expended the sum of $214.65 for actual, necessary expenses incurred in representing the Trustee, as set forth in **Exhibit A**.

10.      In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any

{REMIARD/001/00052871.DOCX/2}      4

duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

11.    FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

12.    No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

13.    JPMorgan Chase Bank, NA has agreed, pursuant to 11 U.S.C. § 506(c), to allow the Chapter 7 fees and expenses to be paid.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.    Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $22,365.00;

    B.    Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $214.65;

    C.    Authorizing the Trustee to pay FrankGecker LLP fees and expenses totaling $22,579.65 pursuant to 11 U.S.C. §§ 330 and 506(c); and

    D.    Granting such other relief as the Court deems just and equitable.

Dated:  August 13, 2018                   Respectfully submitted,

                                              FRANKGECKER, LLP

                                              By:  /s/ *Micah R. Krohn*

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:    (312) 276-1400
Facsimile:     (312) 276-0035
mkrohn@fgllp.com